In the United States District Court
for the Southern District of Ohio
Western Division

| | |
|---|---|
| Austin Kohl, Eli Liston, Michael Ziegler, Hunter Hammer, and Balin McGhee, | Judge _____ |
| Plaintiff, | Magistrate Judge |
| v. | |
| TruGreen Limited Partnership, | Jury Demand Endorsed Hereon |
| Defendant. | |

Complaint and Jury Demand

1. Plaintiffs Austin Kohl, Eli Liston, Michael Ziegler, Hunter Hammer, and Balin McGhee ("Plaintiffs") bring this action against Defendant TruGreen Limited Partnership ("Defendant"). Plaintiffs seek appropriate monetary, declaratory, and equitable relief based on Defendant's willful failure to compensate Plaintiffs with time-and-one-half overtime wages for hours worked in excess of 40 hours per week as required by the Fair Labor Standards Act ("FLSA"); 29 U.S.C. § 201, *et seq.*; O.R.C. § 4111.01, *et seq.*; O.R.C. § 4113.15 (Ohio's "Prompt Pay Act"); O.R.C. § 2307.60; and for unjust enrichment.

2. Defendant TruGreen Limited Partnership provides lawn care services across the United States.

3. Plaintiff Austin Kohl worked for Defendant from on or around May 2021 to July 2022.

4. Plaintiff Eli Liston worked for Defendant from on or around March 2020 to June 2021.

5. Michael Ziegler worked for Defendant from on or around February 2021 to April 2022.

6. Plaintiff Hunter Hammer worked for Defendant from on or around March 2020 to July 20222.

7. Plaintiff Balin McGhee worked for Defendant from on or around February 2021 to July 2022.

## JURISDICTION AND VENUE

8. Under 28 U.S.C. § 1331 and 29 U.S.C. § 216 (b), this Court has jurisdiction over Plaintiffs' FLSA claims and supplemental jurisdiction under 28 U.S.C. § 1367 over his Ohio state law claims because the causes of action arise from the same facts as the federal claims.

9. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the United States District Court for the Southern District of Ohio.

## PARTIES

**Austin Kohl**

10. Plaintiff Austin Kohl is a resident of Ohio.

11. At all times relevant herein, Plaintiff Austin Kohl was an "employee" of Defendant as defined in the FLSA and Ohio wage and hour law.

12. Plaintiff Austin Kohl was classified as a "non-exempt" employee.

13. Austin Kohl has given written consent to join this action.

**Eli Liston**

14. Plaintiff Eli Liston is a resident of Ohio.

15. At all times relevant herein, Plaintiff Eli Liston was an "employee" of Defendant as defined in the FLSA and Ohio wage and hour law.

16. Plaintiff Eli Liston was classified as a "non-exempt" employee.

17. Eli Liston has given written consent to join this action.

**Michael Ziegler**

18. Plaintiff Michael Ziegler is a resident of Ohio.

19. At all times relevant herein, Plaintiff Michael Ziegler was an "employee" of Defendant as defined in the FLSA and Ohio wage and hour law.

20. Plaintiff Michael Ziegler was classified as a "non-exempt" employee.

21. Michael Ziegler has given written consent to join this action.

**Hunter Hammer**

22. Plaintiff Hunter Hammer is a resident of Ohio.

23. At all times relevant herein, Plaintiff Hunter Hammer was an "employee" of Defendant as defined in the FLSA and Ohio wage and hour law.

24. Plaintiff Hunter Hammer was classified as a "non-exempt" employee.

25. Hunter Hammer has given written consent to join this action.

**Balin McGhee**

26. Plaintiff Balin McGhee is a resident of Ohio.

27. At all times relevant herein, Plaintiff Balin McGhee was an "employee" of Defendant as defined in the FLSA and Ohio wage and hour law.

28. Plaintiff Balin McGhee was classified as a "non-exempt" employee.

29. Balin McGhee has given written consent to join this action.

**TruGreen Limited Partnership**

30. Defendant TruGreen Limited Partnership is a domestic limited liability partnership organized under the laws of the State of Tennessee.

31. Defendant TruGreen Limited Partnership's principal place of business is located at 1790 Kirby Parkway, Memphis, Tennessee 38138.

32. Defendant TruGreen Limited Partnership is an "employer" of Plaintiffs as that term is defined by the FLSA.

33. Defendant TruGree Limited Partnership is an "employer" of Plaintiffs as that term is defined by Ohio wage and hour law.

34. "TruGreen Limited Partnership" is the corporate entity that appears on Plaintiffs' paystubs for work they completed for Defendant.

35. At all relevant times, TruGreen Limited Partnership has maintained control, oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

36. At all relevant times, TruGreen Limited Partnership has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used by the FLSA.

37. TruGreen Limited Partnership's gross revenue exceeds $500,000 per year.

**Factual Allegations**

38. Plaintiffs worked for Defendant as inside sales representatives.

39. Plaintiffs' job duties were to sell Defendant's lawncare products and services to customers.

40. Plaintiffs were classified as non-exempt employees under the FLSA and analogous Ohio wage and hour law.

41. Plaintiffs completed their duties at the request and instruction of Defendant.

42. Plaintiffs were not involved in the management of Defendant's enterprise or a subdivision thereof.

43. Plaintiffs did not direct the work of two or more other full-time employees.

44. Plaintiffs did not have the authority to hire or fire other employees, nor was his recommendation with respect to hiring, firing, advancement, promotion, or other change in status of other employee given weight by Defendant.

45. Plaintiffs' primary duty did not involve office or non-manual work directly related to management or general business operations of Defendant.

46. Plaintiffs were not permitted to exercise discretion and independent judgment with respect to matters of significance relating to Defendant's operations.

47. For the majority of their employment, Plaintiffs were paid an hourly rate of approximately $15.00 per hour, plus commissions.

48. When paid hourly, Plaintiffs were eligible for overtime pay for hours worked in excess of 40 per work week.

49. During parts of their employment, Defendant changed Plaintiffs' pay structure from hourly (plus overtime) to straight salary. During this time, Plaintiffs were often required to work in excess of 40 hours per workweek, but were not paid overtime.

50. Upon information and belief, Defendant's change of pay structure was specifically designed to avoid the FLSA's and analogous Ohio wage and hour law's overtime obligations.

51. During this timeframe, Plaintiffs were not exempt from overtime wages under the FLSA and analogous Ohio wage and hour law.

52. During this time frame, Plaintiffs' commissions did not represent more than half of any Plaintiffs' total earnings.

53. Because Plaintiffs' commission did not represent more than half of their total earnings, Plaintiffs were not exempt from overtime wages.

54. Because Plaintiffs' commission did not represent more than half of their total earnings, Defendant is not exempt from paying overtime wages under 29 U.S.C. § 207(i).

55. For example, from March 20, 2022 to May 28, 2022, Plaintiff Austin Kohl's total earnings were $8,445.48, but his commissions were only $2,241.48, which represent 26.5% of his earnings.

56. Because Plaintiffs' commission did not represent more than half of their total earnings, Plaintiffs were not exempt under the FLSA and analogous Ohio wage and hour law.

57. Defendant illegally misclassified Plaintiffs as exempt from the FLSA's and Ohio wage and hour law.

58. Defendant violated Plaintiffs' rights to overtime pay under the FLSA and analogous Ohio wage and hour law by not paying Plaintiffs overtime for hours worked in excess of 40 per workweek.

59. By illegally misclassifying Plaintiffs as exempt from overtime, Defendant violated Plaintiffs' rights under the FLSA and analogous Ohio wage and hour law.

## CAUSES OF ACTION
### COUNT I
### Failure to Pay Overtime Wages –Fair Labor Standards Act
### (29 U.S.C. § 207, *et seq*.)

60. Plaintiffs restate and incorporate the foregoing allegations as if full rewritten herein.

61. Plaintiffs worked more than forty hours in one or more workweeks during their employment with Defendant.

62. Defendant did not pay Plaintiffs one and a half times their regular hourly rate for time worked in excess of forty hours per workweek, but instead paid their regular rate or their salary rate (which did not include overtime pay).

63. By not paying Plaintiffs proper overtime wages for time worked in excess of forty hours in a workweek, Defendant has willfully violated the FLSA.

64. As a result of Defendant's willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

### COUNT II
### Failure to Pay Overtime Wages—Ohio Minimum Fair Wage Standards Act
### (O.R.C. § 4111.03)

65. Plaintiffs restate and incorporate the allegations as if fully rewritten herein.

66. Plaintiffs worked more than forty hours in one or more workweeks during their employment with Defendant.

67. Defendant did not pay Plaintiffs one and a half times their regular hourly rate for time worked in excess of forty hours per workweek, but instead paid their regular rate or their salary rate (which did not include overtime).

68. By not paying Plaintiffs proper overtime wages for time worked in excess of forty hours in a workweek, Defendant have willfully violated the FLSA.

69. As a result of Defendant's willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**COUNT III**
**Untimely Payment of Wages**
**(O.R.C. § 4113.15)**

70. Plaintiffs restate and incorporate the allegations as if fully rewritten herein.

71. During all relevant times, Defendant was covered under O.R.C. § 4113.15, and Plaintiffs were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

72. O.R.C. § 4113.15(A) requires that Defendant pay Plaintiffs all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half to the preceding calendar month.

73. By failing to pay Plaintiffs' overtime for hours worked in excess of 40 per workweek, Defendant failed to pay Plaintiffs all wages due to them.

74. Upon information and belief, on one or more occasions, Plaintiffs were not paid in accordance with the agreed upon piece-rate for each job.

75. By failing to pay Plaintiff all wages due to them under the FLSA and Ohio law, Defendant violated Ohio's Prompt Pay Act.

76. Plaintiffs' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

77. Plaintiffs' entitlement to the wages sought herein is and has been undisputed.

78. In violating Ohio law, Defendant acted willfully, without a good faith basis, and with reckless disregard to Ohio law.

79. As a result of Defendant's willful violation, Plaintiffs are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

## COUNT IV
## Civil Penalty for Criminal Act
## (O.R.C. § 2307.60)

80. Plaintiffs restate and incorporate the allegations as if fully rewritten herein.

81. A willful violation of the FLSA is a criminal act. 29 U.S.C. § 216(a).

82. By their acts and omissions described herein, Defendant's have willfully violated the FLSA, Plaintiffs have been injured as a result.

83. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

84. As a result of Defendant's willful violations of the FLSA, Plaintiffs are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## COUNT V
## Unjust Enrichment

85. Plaintiffs restate and incorporate the allegations as if fully rewritten herein.

86. Plaintiffs have conferred a benefit on Defendant by working overtime without pay.

9

87. Defendant has knowledge of the benefit conferred by Plaintiffs.

88. Defendant has accepted the benefit conferred by Plaintiffs.

89. That benefit includes, but is not limited to, direct and indirect financial benefits like increased profits and increased ability to compete on the price of Defendant's products and services.

90. It would be unjust for Defendant to be permitted to retain the benefit conferred on them by the Plaintiff and the Rule 23 Ohio Unjust Enrichment Subclass without commensurate compensation.

91. Plaintiffs are entitled to equitable restitution for overtime work performed.

**WHEREFORE,** Plaintiffs pray for all of the following relief:

A. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

B. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the Ohio wage and hour law and supporting regulations;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. Liquidated damages under O.R.C. § 4113.15.

E. Compensatory and punitive damages under O.R.C. § 2307.60;

F. An award of prejudgment and post-judgment interest;

G. An award of costs and expenses of this action, including reasonable attorney and expert fees; and

H. Such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

Dated: December 19, 2022

*/s/ Phil J. Krzeski*
Philip J. Krzeski (OH BAR #0095713)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (952) 336-2940
*pkrzeski@chestnutcambronne.com*

Dylan J. Gould (OH BAR #0097954)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 45202
Telephone: (855) 843-5442
*dgould@msdlegal.com*

## JURY DEMAND

Plaintiffs hereby demand a jury trial by the maximum number of persons permitted by law on all issues herein triable to a jury.

*/s/ Phil Krzeski*
Philip J. Krzeski